UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| **JUAN FELIPE CRUZ PEREZ** § | | |
| Plaintiff, § | | |
| v. § | Civil Action No. 3:16-cv-545-GNS | |
| **EL TORAZO MEXICAN RESTAURANT, INC.,** § | | |
| and § | Jury Demanded | |
| **GUSTAVO ORTIZ** § | | |
| Defendants. § | | |

## NATURE OF SUIT

1. Plaintiff Juan Felipe Cruz Perez ("Plaintiff") seeks to recover minimum and overtime wages that Defendants owe to him and have failed to pay, in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 206(a) and 207(a). In addition, Plaintiff alleges that the Defendant employers violated 29 U.S.C. § 203(m) of the FLSA which only allows employers to pay less than minimum wage to employees who receive tips under very specific conditions. Defendants were not entitled to apply a tip credit toward Plaintiff's minimum wages, as Defendants failed to inform Plaintiff that they would take a tip credit, and have failed to ensure that Plaintiff retained all the tips he received, except for any tips included in a tipping pool among employees who customarily and regularly receive tips.

2. In addition, Plaintiff seeks to recover minimum wages Defendants owe to him and have failed to pay, in violation of Kentucky Wage and Hour laws, specifically KRS 337.275,

1

and further request that the court impose civil penalties upon Defendants for illegally requiring their employees to remit portions of their tips to management, failing to maintain accurate employment records, and failing to timely pay Plaintiff as required by KRS 337.065, KRS 337.320, KRS 337.020 and KRS 337.990(1),(5), and (7) respectively.

## II. PARTIES

4. Plaintiff Juan Felipe Cruz Perez is an individual residing at 410 Country Acre, Unit 2, Louisville, KY 40218.

5. Defendant El Torazo Mexican Restaurant, Inc. ("El Torazo") is a company organized and incorporated in the Commonwealth of Kentucky with its principal office located at 1850 S. Hurstbourne Lane, Louisville, KY 40220. Process may be served upon its registered agent Gustavo Ortiz at the same address.

6. Defendant Gustavo Ortiz ("Defendant Ortiz" or "Ortiz") is an individual residing Georgetown, KY and is a manager and operator of the El Torazo Mexican Restaurant located at 1850 Hurstbourne Parkway, Suite 118, Louisville, KY 40220. Process may be served upon him at this location

7. Defendants El Torazo and Defendant Ortiz will at all times hereafter be referred to collectively as "Defendants."

## III. JURISDICTION AND VENUE

8. This Court has jurisdiction over the claim because Plaintiff has asserted a claim arising under federal law under the Fair Labor Standards Act (FLSA). 29 U.S.C. § 201 et seq. Accordingly, this Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. Pursuant to 28 U.S.C. § 1367(a), this Court has

2

supplemental jurisdiction over the Kentucky state law claims asserted by Plaintiff, as these claims are so related to the federal claims that they form part of the same case or controversy.

9. Pursuant to 28 U.S.C. § 1391, venue is proper in the Western District of Kentucky because the events forming the basis of the suit occurred in this District, and Defendants reside in this District.

## IV. FACTUAL ALLEGATIONS

10. During all times material to this complaint, Defendants have acted jointly, directly or indirectly, in the interest of an employer with respect to Plaintiff.

11. During all times material to this complaint, Defendant El Torazo has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and within the meaning of KRS 337.010(1)(d).

12. During all times material to this complaint, Defendant Ortiz has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and within the meaning of KRS 337.010(1)(d).

13. During all times material to this complaint, Defendant El Torazo has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or has had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

14. During all times material to this complaint, Defendant Ortiz has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

15. During all times material to this complaint, Plaintiff was an employee pursuant to KRS 337.010(1)(c) and was an employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

16. During all times material to this complaint, Defendant El Torazo and Defendant Ortiz have acted jointly as "employers" of Plaintiff as that term is defined in the FLSA.

17. As a matter of economic reality, Defendants jointly employed Plaintiff at the El Torazo Mexican Restaurant ("El Torazo Restaurant") located at 1850 S. Hurstbourne Parkway, Louisville, KY 40220.

18. During all times material to this complaint, Defendant El Torazo and Defendant Ortiz jointly operated El Torazo Restaurant.

19. During all times material to this complaint, Defendants El Torazo and Gustavo Ortiz had significant operational control of all or at least significant aspects of the day-to-day operations of. El Torazo Restaurant.

20. During all times material to this complaint, Defendants jointly made decisions in regards to significant aspects of the day-to-day functions of El Torazo restaurant.

21. During all times material to this complaint, Defendant El Torazo and Defendant Ortiz had the authority to hire and fire employees, including Plaintiff.

22. During all times material to this complaint, Defendant Ortiz directly supervised Plaintiff, and controlled Plaintiff's work schedule and employment conditions.

23. During all times material to this Complaint, Defendant El Torazo and Defendant Ortiz had the ability to set and determine the method and rate of Plaintiff's compensation.

24. During all times material to this complaint, Defendant El Torazo and Defendant Ortiz owned and operated El Torazo Restaurant.

25. Defendants jointly employed Plaintiff as a matter of economic reality from approximately June 2012 to approximately April 2016 as a server at El Torazo Restaurant located at 1850 S. Hurstbourne Lane, #118, Louisville, KY 40220 for approximately 53 hours a week.

26. Defendants jointly failed to pay Plaintiff any wages, not even the $2.13/hour permitted for employers who have demonstrated the right to apply a tip credit. Moreover, Defendants did not satisfy the requirements for applying a tip credit to Plaintiff's wages.

27. Defendants jointly failed to inform Plaintiff that they would be taking a tip credit from him. Specifically, Defendants failed to inform Plaintiff the amount of cash wage that is to be paid to a tipped employee by the employer, the additional amount by which the wages to a tipped employee are increased on account of the tip credit; that all tips received by the tipped employee are to be retained by the employee except for a valid tip pooling arrangement limited to employees who customarily and regularly receive tips; and/or that the tip credit shall not apply to any employee who has not been informed of the previous requirements.

28. In addition, Defendants jointly subtracted approximately 1.5% of all food and beverage sale orders placed by Plaintiff and distributed such portions to the restaurant management in violation of requirements for legal tip pools under the FLSA.

29. Defendants jointly knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay minimum wage and overtime compensation with respect to Plaintiff in this action.

## V. FIRST CAUSE OF ACTION: FAIR LABOR STANDARDS ACT ("FLSA") MINIMUM WAGE AND OVERTIME PAY

30. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 through 29 supra.

31. During all times material to this complaint, Plaintiff was an employee of Defendants within the meaning of 29 U.S.C. § 203(e)(1).

32. During all times material to this complaint, Defendants were the joint employers of Plaintiff within the meaning of 29 U.S.C. § 203(d).

33. During all times material to this complaint, Defendants jointly employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

34. During all times material to this complaint, Plaintiff was jointly employed by Defendants in an enterprise engaged in interstate commerce or in the production of goods of commerce.

35. During all times material to this complaint, Plaintiff has not been exempt from receiving overtime benefits under the FLSA because, *inter alia*, he was not "executive,"

"administrative," or "professional" employee, as those terms are defined under the FLSA. *See* 29 C.F.R. §§ 541.0, *et seq.*

36. During all times material to this complaint, Defendants jointly violated the provisions of 29 U.S.C. § 203(m) and § 206 by employing Plaintiff in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, and by jointly failing to comply with the "tip credit" provisions of § 203(m). Defendants have acted willfully in failing to pay Plaintiff in accordance with the law.

37. During the time that Plaintiff worked for Defendants, Defendants failed to pay Plaintiff the minimum wage for approximately 40 hours a week and failed to pay Plaintiff overtime pay for approximately 12 hours of work for each week he worked in violation of Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206(a) & 207(a).

38. Because Defendants' joint failure to pay such wages was willful pursuant to 29 U.S.C. §255(a) Plaintiff is entitled to these wages dating back three (3) years.

39. Defendants' joint failure to pay Plaintiff at the lawful overtime and minimum wage rates while Plaintiff was an employee was not based on good faith or reasonable grounds, or a belief that such failure was not in violation of the FLSA. Pursuant to 20 U.S.C. § 216(b), Plaintiff is therefore entitled to liquidated damages in an amount equal to the wages which have not been paid.

## VI. SECOND CAUSE OF ACTION: KENTUCKY'S MINIMUM WAGE LAWS

40. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 through 39 supra.

7

41. At all times relevant to this action, Plaintiff was an employeee of Defendants within the meaning of K.R.S. 337.010 § (1)(e).

42. At all times relevant to this action, Defendants were Plaintiff's joint employers within the meaning of K.R.S. 337.010 § (1)(d).

43. Defendants have jointly failed to pay Plaintiff Cruz the minimum wage as required by K.R.S. 337.275 during his course of employment for Defendants.

44. Defendants have jointly failed to make, keep, or preserve adequate records for Plaintiff as required by K.R.S. 337.320.

45. Defendants have jointly failed to pay Plaintiff for his work within 18 days of its completion as required by K.R.S. 337.020, by not paying Plaintiff any minimum wage at any time throughout his employment.

46. Defendants have jointly violated KRS 337.065 by subtracting a portion of Plaintiff's tips for payment to employers or distribution thereof.

47. As a result of Defendants' joint violations of Kentucky's Wage and Hour Laws, Plaintiff is entitled to recover unpaid minimum wages dating five (5) years back, K.R.S. 413.120(2), plus an additional equal amount in liquidated damages, reasonable attorneys' fees, and costs of this action, pursuant to K.R.S. 337.385.

## IV. RELIEF SOUGHT

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

a. For an Order pursuant to 29 U.S.C. § 216(b) of the FLSA finding Defendants jointly and severally liable for unpaid back wages due to Plaintiff, including the amount of tips he was required to give management, and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff;

b. For an Order pursuant to KRS 337.385 finding Defendants jointly and severally liable and awarding Plaintiff his unpaid minimum wages, plus an equal amount as liquidated damages, for Defendants' violation of KRS 337.275;

c. For an Order pursuant to KRS 337.990 assessing a civil penalty of up to $1,000 but not less than $100 for each of Defendants' requirements that Plaintiff remit a portion of his tips to the employer for distribution in violation of KRS 337.065;

d. For an Order pursuant to KRS 337.990 assessing a civil penalty of up to $1,000 but not less than $100 for each of Defendants' failure to pay Plaintiff minimum wages in violation of KRS 337.275;

e. For an Order pursuant to KRS 337.990 assessing a civil penalty of up to $1,000 but not less than $100 for each of Defendants' failure to pay Plaintiff for his work within 18 days of its completion in violation of KRS 337.020;

f. For an Order pursuant to KRS 337.990 assessing a civil penalty of up to $1,000 but not less than $100 for each of Defendants' failure to maintain employee records as required by KRS 337.320;

g. For an Order awarding Plaintiff the costs of this action;

h. For an Order awarding Plaintiff his reasonable attorneys fees;

i. For an Order awarding Plaintiff pre-judgment and post-judgment interest at the highest rates allowed by law;

j.  For an Injunction prohibiting Defendants from engaging in future violations of the FLSA and Kentucky Wage and Hour laws;

k.  For trial by jury; and

l.  For an Order granting such other and further relief as may be necessary and appropriate.

Dated: August 24, 2016

Respectfully submitted,

*/s/Trent R. Taylor*
Trent R. Taylor (KY Bar No. 94828)
Robert E. DeRose (*Pro Hoc Vice Anticipated*)
**BARKAN MEIZLISH HANDELMAN GOODIN DEROSE WENTZ, LLP**
250 East Broad Street, 10th Floor
Columbus, Ohio 43215
Telephone: (614) 221-4221
Facsimile: (614) 744-2300
Email: ttaylor@barkanmeizlish.com
bderose@barkanmeizlish.com

*Attorneys for the Plaintiff*