UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| FELIPE CRUZ PEREZ, | § | |
| | § | |
| and | § | |
| | § | |
| MARLIN PALMA on behalf of | § | |
| themselves and others similarly situated, | § | Civil Action No. 3:16-cv-00545-GNS |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Jury Demanded |
| | § | |
| EL TORAZO MEXICAN | § | |
| RESTAURANT, INC., | § | |
| | § | |
| and | § | |
| | § | |
| GUSTAVO ORTIZ | § | |
| | § | |
| Defendants. | | |

## SECOND AMENDED COMPLAINT

### NATURE OF SUIT

1. Plaintiffs Marlin Palma ("Plaintiff Palma") and Felipe Cruz Perez ("Plaintiff Perez") (collectively "Plaintiffs"), on behalf of themselves and all others similarly situated (collectively "the Class Members" or "FLSA Class") bring this action to recover minimum and overtime wages that Defendants owe to them and have failed to pay, in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 206(a) and 207(a). In addition, Plaintiffs and the Class Members allege that the Defendant employers have violated 29 U.S.C. § 203(m) of the FLSA which only allows employers to pay less than minimum wage to employees who receive tips under very specific conditions. Defendants are not entitled to apply a tip credit toward the Plaintiffs and the Class Members' minimum

1

|   |   |
|---|---|
|   | wages, as Defendants have failed to inform Plaintiffs and the Class Members that they would take a tip credit, and have failed to ensure that Plaintiffs and the Class Members retained all the tips they received, except for any tips included in a tipping pool among employees who customarily and regularly receive tips. |
| 2. | In addition, Plaintiffs and the Class Members seek to recover minimum wages Defendants owe to them and have failed to pay, in violation of Kentucky Wage and Hour laws, specifically KRS 337.275, and further request that the court impose civil penalties upon Defendants for illegally requiring their employees to remit portions of their tips to management, failing to maintain accurate employment records, and failing to timely pay Plaintiffs and the Class Members as required by KRS 337.065, KRS 337.320, KRS 337.020 and KRS 337.990(1),(5), and (7) respectively. |

## II. PARTIES

3. Plaintiff Marlin Palma is an individual residing at 9417 Doral Court, Apt. 8, Louisville, Kentucky 40220.

4. Plaintiff Felipe Cruz Perez is an individual residing at 410 Country Acre, Unit 2, Louisville, KY 40218.

5. Defendant El Torazo Mexican Restaurant, Inc. ("El Torazo") is a company organized and incorporated in the Commonwealth of Kentucky with its principal office located at 1850 S. Hurstbourne Lane, Louisville, KY 40220. Process may be served upon its registered agent Gustavo Ortiz at the same address.

6. Defendant Gustavo Ortiz ("Defendant Ortiz" or "Ortiz") is an individual, upon information and belief, residing in Georgetown, KY and is a manager and operator of the

      El Torazo Mexican Restaurant located at 1850 Hurstbourne Parkway, Suite 118, Louisville, KY 40220. Process may be served upon him at this location

7. Defendants El Torazo and Defendant Ortiz will at all times hereafter be referred to collectively as "Defendants."

8. The FLSA Class and the Kentucky KRS 337 Class are defined in Paragraphs found below and will collectively be referred to as the "Class Members."

9. Plaintiffs' FLSA claims are asserted as a collective action pursuant to 29 U.S.C. § 216(b).

10. Plaintiffs' KRS 337 claims are asserted as a class action pursuant to Fed. R. Civ. P. 23.

### III. JURISDICTION AND VENUE

11. This Court has jurisdiction over the claim because Plaintiffs have asserted a claim arising under federal law under the Fair Labor Standards Act (FLSA). 29 U.S.C. § 201 et seq. Accordingly, this Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. Pursuant to 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over the Kentucky state law claims asserted by Plaintiffs, as these claims are so related to the federal claims that they form part of the same case or controversy.

12. Pursuant to 28 U.S.C. § 1391, venue is proper in the Western District of Kentucky because the events forming the basis of the suit occurred in this District, and Defendants reside in this District.

### IV. FACTUAL ALLEGATIONS

13. During all times material to this complaint, Defendants have acted jointly, directly or indirectly, in the interest of an employer with respect to Plaintiffs.

3

14. During all times material to this complaint, Defendant El Torazo has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and within the meaning of KRS 337.010(1)(d).

15. During all times material to this complaint, Defendant Ortiz has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and within the meaning of KRS 337.010(1)(d).

16. During all times material to this complaint, Defendant El Torazo has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or has had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

17. During all times material to this complaint, Defendant Ortiz has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

18. During all times material to this complaint, Plaintiffs and the Class Members have been employees pursuant to KRS 337.010(1)(c) and were employees who were engaged in

commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

19. During all times material to this complaint, Defendant El Torazo and Defendant Ortiz have acted jointly as "employers" of Plaintiffs and the Class Members as that term is defined in the FLSA.

20. As a matter of economic reality, Defendants have jointly employed Plaintiffs Marlin Palma and Felipe Cruz Perez and the Class Members at the El Torazo Mexican restaurants ("El Torazo restaurants") located at 1850 S. Hurstbourne Parkway, Louisville, KY 40220 ("El Torazo #1") and 7319 Preston Highway, Louisville, KY 403219 ("El Torazo #2").

21. During all times material to this complaint, Defendant El Torazo and Defendant Ortiz have jointly operated the El Torazo Restaurants.

22. During all times material to this complaint, Defendants El Torazo and Gustavo Ortiz have had significant operational control of all or at least significant aspects of the day-to-day operations of the El Torazo restaurants.

23. During all times material to this complaint, Defendants have jointly made decisions in regards to significant aspects of the day-to-day functions of the El Torazo restaurants.

24. During all times material to this complaint, Defendant El Torazo and Defendant Ortiz have had the joint authority to hire and fire employees, including Plaintiffs and the Class Members.

25. During all times material to this complaint, Defendant Ortiz directly supervised Plaintiffs and the Class Members, and jointly controlled Plaintiffs and the Class Members' work schedule and employment conditions.

26. During all times material to this Complaint, Defendant El Torazo and Defendant Ortiz jointly have had the ability to set and determine the method and rate of Plaintiffs and the Class Members' compensation.

27. During all times material to this complaint, Defendant El Torazo and Defendant Ortiz jointly owned and operated the El Torazo restaurants.

### FACTS AS TO PLAINTIFF FELIPE CRUZ PEREZ

28. Defendants jointly employed Plaintiff Felipe Cruz Perez as a matter of economic reality from approximately June 2012 to approximately January 2016 as a server at El Torazo #1 for approximately 53 hours a week.

29. Defendants also jointly employed Plaintiff Perez as a matter of economic reality from approximately January 2016 to approximately April 2016 as a manager at El Torazo #2.

30. During all times material to this complaint, Defendants jointly failed to pay Plaintiff Perez any wages, not even the $2.13/hour permitted for employers who have demonstrated the right to apply a tip credit.

31. During all times material to this complaint, Defendants jointly failed to pay Plaintiff Cruz overtime pay for approximately 12 hours of work for each week he worked while employed by Defendants at El Torazo #1.

### FACTS AS TO PLAINTIFF MARLIN PALMA

32. Defendants jointly employed Plaintiff Marlin Palma as a matter of economic reality from approximately June 1, 2016 to approximately December 2016 as a server at El Torazo #1 for approximately 58.5 hours a week.

33. Additionally, Defendants, throughout Plaintiff Palma's employment, failed to pay Plaintiff Palma any wages, not even the $2.13/hour permitted for employers who have demonstrated the right to apply a tip credit.

34. During all times material to this Complaint, Defendants jointly failed to properly compensate Plaintiff Palma by failing to pay him at a time and a half (1.5) his regular rate for the approximately 18.5 hours of work for he worked each week for Defendants.

### FACTS AS TO ALL FLSA CLASS MEMBERS

35. With respect to both Plaintiff Cruz, Plaintiff Palma and the Class Members, Defendants did not satisfy the requirements for applying a tip credit to Plaintiffs and the Class Members' wages.

36. Defendants jointly failed to inform Plaintiffs or the Class Members that they would be taking a tip credit from the Plaintiffs and the Class Members.

37. In addition, Defendants jointly subtracted approximately 1.5% of all food and beverage sale orders placed by Plaintiffs and the Class Members at El Torazo #1 and distributed such portions to the restaurant management in violation of requirements for legal tip pools under the FLSA.

38. Defendants jointly knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay minimum wage and overtime compensation with respect to Plaintiffs in this action.

### FLSA COLLECTIVE ACTION ALLEGATIONS

39. Plaintiffs reallege and incorporate by reference the allegations set forth in paragraphs 1 through 38 supra.

40. Plaintiffs bring a collective action pursuant to 29 U.S.C. § 216(b) on behalf of themselves and all similarly situated individuals who are part of the following class:

> All individuals employed by Defendants or its predecessors or successors in the state of Kentucky as servers, waiters, waitresses, and other tipped employees in other similar job positions at anytime from August 24, 2013, through and including the present and until the final resolution of the case, and who have not been paid the statutory minimum and/or overtime wage during anytime in their employment (hereinafter "FLSA Collective Action Class").

41. Collective action treatment of Plaintiffs' and the FLSA Class' claims is appropriate because Plaintiffs and the FLSA Collective Action Class have been subjected to the common business practices referenced in the paragraphs above, and the success of their claims depends upon the resolution of common issues of law and fact, including *inter alia*, whether Defendants satisfied the FLSA's requirements for payment of the statutory minimum and overtime wages.

42. The named Plaintiffs and the FLSA Class Members have been similarly affected by the violations of Defendant in workweeks during the relevant time period, which amount to a single decision, policy or plan to avoid paying all earned minimum and overtime wages.

43. Plaintiffs are similarly situated to FLSA Class Members and will prosecute this action vigorously on their behalf.

44. A collective action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the FLSA Class is entitled.

## KENTUCKY CLASS ACTION ALLEGATIONS

45. Plaintiffs reallege and incorporate by reference the allegations set forth in paragraphs 1 through 44 supra.

46. During all times material to this complaint, Plaintiffs and the Class Members were employees of Defendants within the meaning of 29 U.S.C. § 203(e)(1).

47. In addition to the FLSA collective action, Plaintiffs bring a class action, pursuant to Federal Rule of Civil Procedure 23, to represent a class that is similarly defined as:

> All individuals employed by the Defendants or its predecessors or successors in the state of Kentucky as waiters, waitresses, servers and other tipped employees in other similar job positions at anytime from August 24, 2011 through and including the present and until the final resolution of the case, and who have not been paid the statutory minimum wage for all regular hours worked as required by KRS 337.275 and/or who have been required to participate in a tip pool as prohibited by KRS 337.065.

48. Class action treatment is appropriate as summarized in Paragraphs 49-54 below, because all of Rule 23's requirements are satisfied.

49. The Kentucky Class is so numerous that joinder of all Class Members is impracticable.

50. Plaintiffs believe Defendants have employed approximately more than 30 persons who have been subject to the Defendants' common and unlawful practices.

51. Plaintiffs are Class Members and their claims are typical of the claims of the Kentucky Class Members and they have no interests that are antagonistic to or in contact with the interest of other Class Members.

52. Plaintiffs will fairly and adequately represent the Kentucky Class Members and their interests and they have retained competent and experienced counsel who will effectively represent the Class Members' interests.

53. Questions of law and facts are common to all Class Members as they assert identical claims, performed similar duties, and were employed in the same job positions and locations.

54. A class action is superior to other available methods for the fair and efficient adjudication of the Kentucky Class Members' claims.

### V. FIRST CAUSE OF ACTION: FAIR LABOR STANDARDS ACT ("FLSA") MINIMUM WAGE AND OVERTIME PAY

55. Plaintiffs reallege and incorporate by reference the allegations set forth in paragraphs 1 through 54 supra

56. During all times material to this complaint, Defendants have been the joint employers of Plaintiffs and the FLSA Class Members within the meaning of 29 U.S.C. § 203(d).

57. During all times material to this complaint, Defendants have jointly employed Plaintiffs and the FLSA Class Members within the meaning of 29 U.S.C. § 203(g).

58. During all times material to this complaint, Plaintiffs and the FLSA Class Members have been jointly employed by Defendants in an enterprise engaged in interstate commerce or in the production of goods of commerce.

59. During all times material to this complaint, Plaintiffs and the FLSA Class Members have not been exempt from receiving overtime benefits under the FLSA because, *inter alia*, they were not "executive," "administrative," or "professional" employees, as those terms are defined under the FLSA. *See* 29 C.F.R. §§ 541.0, *et seq.*

60. During all times material to this complaint, Defendants have jointly violated the provisions of 29 U.S.C. § 203(m) and § 206 by employing Plaintiffs and the FLSA Class Members in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, and by jointly failing to comply with the "tip credit" provisions of § 203(m). Defendants have acted willfully in failing to pay Plaintiffs and the FLSA Class Members in accordance with the law.

10

61. During all times material to this complaint, Defendants have jointly failed to pay Plaintiffs and the FLSA Class Members the minimum wage for the hours they worked up to forty (40) in a given work week, in violation of Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 206(a).

62. During all times material to this complaint, Defendants have failed to pay Plaintiffs and the FLSA Class Members overtime wages for the hours they worked in excess of forty (40) in a given workweek, in violation of Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a).

63. The FLSA allows employers to take a "tip credit" to use towards satisfying their obligation of paying tipped employees the federally required minimum wage. 29 U.S.C. § 203(m).

64. In order to utilize the tip credit, employers must comply with the requirements set forth in Section 3(m) of the FLSA, 29 U.S.C. § 203(m).

65. The FLSA requires that the tip credit is available only for the time an employee is engaged in performing tipped duties. *See, e.g.*, 29 C.F.R. § 531.59(b).

66. In addition, an employer may avail itself of the tip credit, if and only if, it satisfies two requirements: 1) The employer must inform its employees that it will take a tip credit; and 2) tipped employees must retain all the tips they receive, except those tips included in a tipping pool among employees who customarily and regularly receive tips. 29 U.S.C. § 203(m).

67. Defendants jointly failed to inform Plaintiffs or the FLSA Class Members that they would be taking a tip credit.

68. In addition, during all times material to this Complaint, Defendants have required and continues to require its servers, including Plaintiffs and the FLSA Class Members at El Torazo #1 to remit approximately 1.5% of all food and beverage sale orders placed by Plaintiffs and the FLSA Class Members to a tip pool maintained by restaurant management and has retained proceeds of the said tip pool to the restaurant management in violation of requirements for legal tip pools under the FLSA.

69. Because Defendants' joint failure to pay such wages or to comply with the requisites of the tip credit mandated by 29 U.S.C. § 203(m) was willful pursuant to 29 U.S.C. §255(a) Plaintiffs and the FLSA Class Members are entitled to these wages dating back three (3) years.

70. Defendants' joint failure to pay Plaintiffs and the FLSA Class Members at the lawful overtime and minimum wage rates while Plaintiffs and the FLSA Class Members were employees is not based on good faith or reasonable grounds, or a belief that such failure was not in violation of the FLSA. Pursuant to 20 U.S.C. § 216(b), Plaintiffs and the FLSA Class Members are therefore entitled to liquidated damages in an amount equal to the wages which have not been paid.

### VI. SECOND CAUSE OF ACTION: KENTUCKY'S MINIMUM WAGE LAWS

71. Plaintiffs reallege and incorporate by reference the allegations set forth in paragraphs 1 through 70 supra.

72. At all times relevant to this action, Plaintiffs and the Kentucky Class Members have been employees of Defendants within the meaning of K.R.S. 337.010 § (1)(e).

73. At all times relevant to this action, Defendants have been Plaintiffs and the Kentucky Class Members joint employers within the meaning of K.R.S. 337.010 § (1)(d).

74. Defendants have jointly failed to pay Plaintiffs and the Kentucky Class Members the minimum wage as required by K.R.S. 337.275 during their course of employment for Defendants.

75. Defendants have jointly failed to make, keep, or preserve adequate records for Plaintiffs and the Kentucky Class Members as required by K.R.S. 337.320.

76. Defendants have jointly failed to pay Plaintiffs and the Kentucky Class Members for their work within 18 days of its completion as required by K.R.S. 337.020, by not paying Plaintiffs any minimum wage at any time throughout their employment.

77. Defendants have jointly violated KRS 337.065 by subtracting a portion of Plaintiffs' and the Kentucky Class Members' tips received at El Torazo #1 for payment to employers or distribution thereof.

78. As a result of Defendants' joint violations of Kentucky's Wage and Hour Laws, Plaintiffs and the Kentucky Class Members are entitled to recover unpaid minimum wages dating five (5) years back, K.R.S. 413.120(2), plus an additional equal amount in liquidated damages, reasonable attorneys' fees, and costs of this action, pursuant to K.R.S. 337.385.

## IV. RELIEF SOUGHT

WHEREFORE, Plaintiffs, on behalf of themselves and all Members of the FLSA Class pray for judgment against Defendants as follows:

    a. Judgment that Defendants are liable to Plaintiffs and the FLSA Class Members for Defendants' conduct described herein;

b. Designation of this action as a Kentucky statewide collective action on behalf of the FLSA Class Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA Class apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b).

c. An Order prohibiting Defendants from engaging in future FLSA violations;

d. Lost minimum wages and improperly deducted monies to the fullest extent permitted under the law;

e. Restitution of all contributions made by members of the FLSA class to the tip pool maintained and managed by Defendants;

f. Liquidated damages, prejudgment interest, and monetary penalties to the fullest extent permitted under the law:

g. Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law; and

h. Such other and further relief as the Court deems just and proper.

**WHEREFORE,** Plaintiffs, on behalf of themselves and all members of the Kentucky Class, pray for relief as follows:

a. Designation of this action as a class action on behalf of the Kentucky Class;

b. For an Order pursuant to KRS 337.385 finding Defendants jointly and severally liable and awarding Plaintiffs and the Kentucky Class Members their unpaid minimum wages, plus an equal amount as liquidated damages, for Defendants' violation of KRS 337.275;

c. Restitution of all tips remitted by members of the Kentucky Class to Defendants;

14

d. For an Order pursuant to KRS 337.990 assessing a civil penalty of up to $1,000 but not less than $100 for each of Defendants' requirements that Plaintiffs remit a portion of their tips to the employer for distribution in violation of KRS 337.065;

e. For an Order pursuant to KRS 337.990 assessing a civil penalty of up to $1,000 but not less than $100 for each of Defendants' failure to pay Plaintiffs and the Kentucky Class Members minimum wages in violation of KRS 337.275;

f. For an Order pursuant to KRS 337.990 assessing a civil penalty of up to $1,000 but not less than $100 for each of Defendants' failure to pay Plaintiffs and the Kentucky Class Members for their work within 18 days of its completion in violation of KRS 337.020;

g. For an Order pursuant to KRS 337.990 assessing a civil penalty of up to $1,000 but not less than $100 for each of Defendants' failure to maintain employee records as required by KRS 337.320;

h. For an Order awarding Plaintiffs and the Kentucky Class Members the costs of this action;

i. For an Order awarding Plaintiffs and the Kentucky Class Members their reasonable attorneys fees;

j. For an Order awarding Plaintiffs and the Kentucky Class Members pre-judgment and post-judgment interest at the highest rates allowed by law;

k. For an Injunction prohibiting Defendants from engaging in future violations of the FLSA and Kentucky Wage and Hour laws;

l. For trial by jury; and

m. For an Order granting such other and further relief as may be necessary and appropriate.

March 17, 2017                                    Respectfully submitted,

*/s/Trent R. Taylor*
Trent R. Taylor
Robert E. DeRose (*Pro Hoc Vice Anticipated*)
**BARKAN MEIZLISH HANDELMAN GOODIN DEROSE WENTZ, LLP**
250 East Broad Street, 10th Floor
Columbus, Ohio 43215
Telephone: (614) 221-4221
Facsimile: (614) 744-2300
Email: ttaylor@barkanmeizlish.com
           bderose@barkanmeizlish.com

*Attorneys for the Plaintiffs*