UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| JUAN FELIPE CRUZ PEREZ, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| MARLIN PALMA on behalf of | ) | |
| themselves and others similarly situated, | ) | Civil Action no. 3:16-cv-00545-GNS |
| | ) | Judge Gregory N. Stivers |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| EL TORAZO MEXICAN | ) | |
| RESTAURANT, INC., | ) | |
| | ) | |
| and | ) | |
| | ) | |
| GUSTAVO ORTIZ | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' ANSWER TO THE SECOND AMENDED COMPLAINT**

Defendants El Torazo Mexican Restaurant, Inc. ("El Torazo") and Gustavo Ortiz

("Ortiz") (collectively "Defendants"), for their Answer to the Second Amended Complaint (the

"Complaint") filed by Plaintiffs Juan Felipe Cruz Perez ("Perez") and Marlin Palma ("Palma")

(collectively "Plaintiffs") on behalf of themselves and all others similarly situated (collectively

"the Class Members" or "FLSA Class"), state as follows:

**NATURE OF SUIT**

1.      With respect to the allegations contained in numerical Paragraph 1 of the

Complaint, Defendants deny that Plaintiffs state  any viable claims and deny that Plaintiffs

and/or the purported Class Members are entitled to any relief, including the relief requested.

Defendants deny any and all other allegations contained in Paragraph 1 of the complaint.

2.       With respect to the allegations contained in numerical Paragraph 2 of the Complaint, Defendants deny that Plaintiffs state any viable claims and deny that Plaintiffs and/or the purported Class Members are entitled to any relief, including the relief requested. Defendants deny any and all other allegations contained in Paragraph 2 of the Complaint.

## PARTIES

3.       Defendants are without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint, and therefore denies them.

4.       Defendants are without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint, and therefore denies them.

5.       Defendants admit the allegations contained in numerical Paragraph 5 of the Complaint.

6.       Defendants admit the allegations contained in numerical Paragraph 6 of the Complaint.

7.       The allegations contained in numerical Paragraph 7 of the Complaint do not require a response. To the extent a response is required, Defendants state that the Complaint defines the Defendants collectively as "Defendants." Further, Defendants deny that they are a collective entity or that Ortiz may be held individually liable for any claims asserted by Plaintiffs.

8.       The allegations contained in numerical Paragraph 8 of the Complaint do not require a response. To the extent a response is required, Defendants state that the Complaint defines the purported class collectively as the "Class Members."

9.       With respect to the allegations contained in numerical Paragraph 9 of the Complaint, Defendants admit that Plaintiffs attempt to bring a purported collective action

pursuant to 29 U.S.C. § 216(b) but vigorously deny any liability or that Plaintiffs or any alleged Class Members are entitled to any damages whatsoever.

10.     With respect to the allegations contained in numerical Paragraph 10 of the Complaint, Defendants admit that Plaintiffs attempt to bring a purported class action pursuant to Federal Rule of Civil Procedure 23 but vigorously deny any liability or that Plaintiffs or any alleged Class Members are entitled to any damages whatsoever.

## JURISDICTION AND VENUE

11.     With respect to the allegations contained in numerical Paragraph 11 of the Complaint, Defendants admit that this Court has jurisdiction over Plaintiffs' federal claims, but vigorously denies any liability or that Plaintiffs or Class Members are entitled to any damages whatsoever. Further, Defendants affirmatively state that this Court should decline to take supplemental jurisdiction over Plaintiffs' Kentucky state law claims.

12.     With respect to the allegations contained in numerical Paragraph 12 of the Complaint, Defendants admit that the venue is proper, but vigorously deny any liability or that Plaintiffs or Class Members are entitled to any damages whatsoever.

## FACTUAL ALLEGATIONS

13.     Defendants deny the allegations contained in numerical Paragraph 13 of the Complaint.

14.     The allegations contained in numerical Paragraph 14 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendants admit that El Torazo is an employer.

15.     The allegations contained in numerical Paragraph 15 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in numerical Paragraph 15 of the Complaint.

16.     The allegations contained in numerical Paragraph 16 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendants state that El Torazo is a restaurant with employees that has had an annual gross volume of sales in excess of $500,000 per year.

17.     The allegations contained in numerical Paragraph 17 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in numerical Paragraph 17 of the Complaint.

18.     The allegations contained in numerical Paragraph 18 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendants admit that the named Plaintiffs have been employees of El Torazo in the past but are without sufficient knowledge to admit or deny the remaining allegations contained in numerical Paragraph 18 and thus deny the same.

19.     The allegations contained in numerical Paragraph 19 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in numerical Paragraph 19 of the Complaint.

20.     Defendants deny the allegations contained in numerical Paragraph 20 of the Complaint.

21.     Defendants deny the allegations contained in numerical Paragraph 21 of the Complaint.

22.     With respect to the allegations contained in numerical Paragraph 22 of the Complaint, Defendants state that Ortiz assists in the management of El Torazo. Defendants deny any and all remaining allegations contained in numerical Paragraph 22 of the Complaint.

23.     With respect to the allegations contained in numerical Paragraph 23 of the Complaint, Defendants state that Ortiz assists in the management of El Torazo. Defendants deny any and all remaining allegations contained in numerical Paragraph 22 of the Complaint.

24.     With respect to the allegations contained in numerical Paragraph 24 of the Complaint, Defendants state that Ortiz in his management of El Torazo, had authority to hire and fire employees. Defendants deny any and all remaining allegations contained in numerical Paragraph 24 of the Complaint.

25.     Defendants deny the allegations contained in numerical Paragraph 25 of the Complaint.

26.     With respect to the allegations contained in numerical Paragraph 26 of the Complaint, Defendants state that Ortiz had the ability to set and determine the rate of the named Plaintiffs' compensation. Defendants deny any and all remaining allegations contained in numerical Paragraph 26.

27.     With respect to the allegations contained in numerical Paragraph 27 of the Complaint, Defendants state the Ortiz is a shareholder of El Torazo and assists in the management of the restaurant. Defendants deny any and all remaining allegations contained in numerical Paragraph 27 of the Complaint.

## FACTUAL ALLEGATIONS AS TO PLAINTIFF JUAN FELIPE CRUZ PEREZ

28.     Defendants deny the allegations contained in numerical Paragraph 28 of the Complaint.

29.     Defendants deny the allegations contained in numerical Paragraph 29 of the Complaint.

30.     Defendants deny the allegations contained in numerical Paragraph 30 of the Complaint.

31.     Defendants deny the allegations contained in numerical Paragraph 31 of the Complaint.

## FACTUAL ALLEGATIONS AS TO PLAINTIFF MARLIN PALMA

32.     Defendants deny the allegations contained in numerical Paragraph 32 of the Complaint.

33.     Defendants deny the allegations contained in numerical Paragraph 33 of the Complaint.

34.     Defendants deny the allegations contained in numerical Paragraph 34 of the Complaint.

## FACTUAL ALLEGATIONS AS TO ALL PURPORTED FLSA CLASS MEMBERS

35.     Defendants deny the allegations contained in numerical Paragraph 35 of the Complaint.

36.     Defendants deny the allegations contained in numerical Paragraph 36 of the Complaint.

37.     Defendants deny the allegations contained in numerical Paragraph 37 of the Complaint.

38.     Defendants deny the allegations contained in numerical Paragraph 38 of the Complaint.

**FACTUAL ALLEGATIONS AS TO PURPORTED FLSA COLLECTIVE ACTION**

39.     With respect to the allegations contained in numerical Paragraph 39 of the Complaint, Defendants hereby reiterate, adopt, and incorporate by reference its responses and answers to the allegations contained in numerical Paragraphs 1 through 38 of the Complaint as if fully set forth herein.

40.     Defendants admit that Plaintiffs purport to bring this action as a collective action pursuant to 29 U.S.C. § 216(b) but vigorously deny any liability or that Plaintiffs and/or any and all alleged similarly situated individuals are entitled to any damages whatsoever.  The remaining allegations contained in numerical Paragraph 40 of the Complaint are denied.

41.     The allegations contained in numerical Paragraph 41 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in numerical Paragraph 41 of the Complaint.

42.     Defendants deny the allegations contained in numerical Paragraph 42 of the Complaint.

43.     The allegations contained in numerical Paragraph 43 of the Complaint do not require a response. To the extent a response is required, Defendants deny the allegations contained in numerical Paragraph 43 of the Complaint.

44.     The allegations contained in numerical Paragraph 44 of the Complaint do not require a response. To the extent a response is required, Defendants deny the allegations contained in numerical Paragraph 44 of the Complaint.

**PURPORTED KENTUCKY CLASS ACTION ALLEGATIONS**

45.     With respect to the allegations contained in numerical Paragraph 45 of the Complaint, Defendants hereby reiterate, adopt, and incorporate by reference its responses and

answers to the allegations contained in numerical Paragraphs 1 through 44 of the Complaint as if fully set forth herein.

46.     The allegations contained in numerical Paragraph 46 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendants admit Plaintiffs Palma and Perez were former employees of El Torazo.  Defendants deny the remaining allegations contained in numerical Paragraph 46 of the Complaint.

47.     Defendants admit that Plaintiffs purport to bring a class action pursuant to Federal Rule of Civil Procedure 23, but deny the remaining allegations contained in numerical Paragraph 47 of the Complaint.

48.     The allegations contained in numerical Paragraph 48 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in numerical Paragraph 48 of the Complaint.

49.     The allegations contained in numerical Paragraph 49 of the Complaint do not require a response. To the extent a response is necessary, Defendants deny the allegations contained in numerical Paragraph 49 of the Complaint.

50.     Defendants deny the allegations contained in numerical Paragraph 50 of the Complaint.

51.     The allegations contained in numerical Paragraph 51 of the Complaint do not require a response. To the extent a response is necessary, Defendants deny the allegations contained in numerical Paragraph 51 of the Complaint.

52.     The allegations contained in numerical Paragraph 52 of the Complaint do not require a response. To the extent a response is necessary, Defendants deny the allegations contained in numerical Paragraph 52 of the Complaint.

53.     The allegations contained in numerical Paragraph 53 of the Complaint do not require a response. Defendants deny the allegations contained in numerical Paragraph 53 of the Complaint.

54.     The allegations contained in numerical Paragraph 54 of the Complaint do not require a response. To the extent a response is necessary, Defendants deny the allegations contained in numerical Paragraph 54 of the Complaint.

## FIRST CAUSE OF ACTION: FAIR LABOR STANDARDS ACT ("FLSA") MINIMUM WAGE AND OVERTIME PAY.

55.     With respect to the allegations contained in numerical Paragraph 55 of the Complaint, Defendants hereby reiterate, adopt, incorporate by reference its responses and answers to the allegations contained in numerical Paragraphs 1 through 54 of the Complaint as if fully set forth herein.

56.     Defendants deny the allegations contained in numerical Paragraph 56 of the Complaint.

57.     Defendants deny the allegations contained in numerical Paragraph 57 of the Complaint.

58.     Defendants deny the allegations contained in numerical Paragraph 58 of the Complaint.

59.     The allegations contained in numerical Paragraph 59 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in numerical Paragraph 59 of the Complaint.

60.     Defendants deny the allegations contained in numerical Paragraph 60 of the Complaint.

61.      Defendants deny the allegations contained in numerical Paragraph 61 of the Complaint.

62.      Defendants deny the allegations contained in numerical Paragraph 62 of the Complaint.

63.      The allegations contained in numerical Paragraph 63 of the Complaint do not require a response. To the extent a response is required, Defendants state that the language and provisions contained in 29 U.S.C. § 203(m) speak for themselves.

64.      The allegations contained in numerical Paragraph 64 of the Complaint do not require a response. To the extent a response is required, Defendants state that the provisions and requirements set forth in Section 3(m) of the FLSA, 29 U.S.C. § 203(m) speak for themselves.

65.      The allegations contained in numerical Paragraph 65 of the Complaint do not require a response. To the extent a response is required, Defendants state that 29 C.F.R. § 531.59(b) regarding a tip credit speaks for itself.

66.      The allegations contained in numerical Paragraph 66 of the Complaint do not require a response. To the extent a response is required, Defendants state the language and provisions contained in 29 U.S.C. § 203(m) regarding a tip credit speaks for themselves.

67.      Defendants deny the allegations contained in numerical Paragraph 67 of the Complaint.

68.      Defendants deny the allegations contained in numerical Paragraph 68 of the Complaint.

69.      Defendants deny the allegations contained in numerical Paragraph 69 of the Complaint.

70.     Defendants deny the allegations contained in numerical Paragraph 70 of the Complaint.

## SECOND CAUSE OF ACTION: KENTUCKY'S MINIMUM WAGE LAWS

71.     With respect to the allegations contained in numerical Paragraph 71 of the Complaint, Defendants hereby reiterate, adopt, incorporate by reference its responses and answers to the allegations contained in numerical Paragraphs 1 through 70 of the Complaint as if fully set forth herein.

72.     The allegations contained in numerical Paragraph 72 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendants admit that Plaintiffs Perez and Palma were employees of El Torazo. Defendants deny any and all remaining allegations contained in Paragraph 72 of the Complaint.

73.     The allegations contained in numerical Paragraph 73 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in numerical Paragraph 73 of the Complaint.

74.     Defendants deny the allegations contained in numerical Paragraph 74 of the Complaint.

75.     Defendants deny the allegations contained in numerical Paragraph 75 of the Complaint.

76.     Defendants deny the allegations contained in numerical Paragraph 76 of the Complaint.

77.     Defendants deny the allegations contained in numerical Paragraph 77 of the Complaint.

78.     Defendants deny the allegations contained in numerical Paragraph 78 of the Complaint.

79.     Defendants deny any allegation not specifically admitted herein.

80.     Defendants deny that Plaintiffs and/or the purported Class Members are entitled to any relief requested in the Complaint or to any relief whatsoever.

## AFFIRMATIVE DEFENSES

81.     The Complaint fails to state a claim upon which relief may be granted, in whole or in part.

82.     Defendants set forth the defenses of lack of jurisdiction over the person, insufficiency of process, and insufficiency of service of process as a bar to Plaintiffs' claims in whole or in part.

83.     Defendants plead all affirmative defenses set forth in Federal Rules of Civil Procedure 8(C) and 12, but not limited to the affirmative defenses of statute of limitations, waiver, estoppel, laches, and/or unclean hands.

84.     Defendants plead the affirmative defense of failure to exhaust administrative remedies.

85.     Plaintiffs' claims are precluded by determinations of the U.S. Department of Labor, Kentucky Department of Labor, as well as determinations of other state agencies.

86.     Plaintiffs have failed to state any facts entitling them to any liquidated damages, penalties, pre-judgment or post-judgment interest.

87.     Plaintiffs have failed to mitigate their alleged damages.

88.     Plaintiffs were properly paid pursuant to Kentucky and Federal wage and hour laws.

89.     Plaintiffs were informed of the fact that a "tip credit" was being taken into account to pay them provided for under Kentucky and Federal law.

90.     Plaintiffs' claims are barred or subject to offset or reduction to the extent that their pay was intended to compensate them for all hours worked each week, regardless of the number of hours worked in a particular workweek. Under these circumstances, even if found to be entitled to additional overtime pay, which Defendants expressly deny, Plaintiffs would be entitled to no more than one-half of their regular rate in that workweek for any overtime hours worked in that workweek.

91.     Some or all of the disputed time is not compensable pursuant to the provisions of the Portal-to-Portal Act of 1947.

92.     To the extent that Defendants failed to comply with any aspect of the FLSA or Kentucky Wage and Hour laws, such conduct was not willful or intentional, but rather occurred in good faith and was based on reasonable grounds for believing that such conduct did not violate the FLSA or Kentucky Wage and Hour laws, and thus Plaintiffs' claim for liquidated damages, in whole or in part, is barred.

93.     Plaintiffs' claims, in whole or in part, are barred by the provisions of Section 10 of the Portal-to-Portal Act, 29 U.S.C. § 259, as Defendants' conduct was at all times in good faith and in conformity with and in reliance on the administrative rulings, practices, and enforcement policies, or any other administrative authority, specified therein.

94.     Any damages allegedly sustained by Plaintiffs are the result of their own actions, omissions, or wrongdoings or the actions, omissions, or wrongdoing of other individuals for whom Defendants are not liable.

95.     Defendants assert as an affirmative defense that Plaintiffs' claims fail, in whole or in part, because Plaintiffs were not employed by one or more of the named Defendants.

96.     Defendants assert that Plaintiffs were compensated at a rate of one-and-one-half times the regular rate of pay for work in excess of forty (40) hours per week.

97.     Defendants assert that Plaintiffs should be equitably estopped from asserting claims herein on the grounds that they were unjustly enriched.

98.     Defendants assert that Plaintiffs' state law claims, as set forth in their Complaint, should be dismissed since the claims, parties, and time periods parallel federal claims made, and where there exists no potential conflict with state regulatory and/or statutory law. Plaintiffs should not be allowed to seek the same elements of damages on the federal and state claims if double recovery is sought.

99.     Defendants assert that the purported collective action should be dismissed since Plaintiffs do not satisfy the requirements of 29 U.S.C. § 216(b) because the Plaintiffs fail to state facts, and are unable to state facts, sufficient to certify a class and this action is not properly brought as a collective action.

100.    Defendants assert that the purported class action should be dismissed because Plaintiffs have failed to satisfy the necessary requirements for class certification under Federal Rule of Civil Procedure 23 since Plaintiffs fail to state facts, and are unable to state facts, sufficient to certify a class and this action is not properly brought as a class action.

101.    Defendants assert the affirmative defenses of accord and satisfaction, and ratification.

102.    Defendants reserve the right to add or amend any defenses or affirmative defenses through the trial of this matter.

14

**WHEREFORE,** Defendants having answered Plaintiffs' Complaint in full, demand as follows:

1.      That Plaintiffs' Second Amended Complaint be dismissed in its entirety with prejudice;

2.      That judgment be entered for Defendants in an amount equal to their costs expended, including a reasonable amount for their attorney's fees; and

3.      All other relief to which Defendants may now or hereafter be entitled.

<div style="margin-left:50%">

Respectfully Submitted,

/s/ R. Joseph Stennis, Jr._____
R. Joseph Stennis, Jr.
Mitzi D. Wyrick
jstennis@wyattfirm.com
mitziwyrick@wyattfirm.com
WYATT, TARRANT & COMBS
500 West Jefferson Street
Suite 2800
Louisville, KY 40202

</div>

## CERTIFICATE OF SERVICE

The undersigned certifies that this *Answer to the Second Amended Complaint* was filed according to the rules of Electronic Court Filing (ECF) in effect for the Western District of Kentucky – Louisville Division, which ECF system will provide a copy of same to all persons registered to receive service in this case, including but not limited to: Trent R. Taylor (ttaylor@barkanmeizlish.com), Robert E. DeRose (bderose@barkanmeizlish.com), BARKAN, MEIZLISH, HANDELMAN, GOODIN, DEROSE, WENTZ, LLP**,** 250 East Broad Street, 10th Floor, Columbus, Ohio 43215 on this the 3rd day of July, 2017.

<div style="margin-left:50%">

/s/ R. Joseph Stennis, Jr._____
*Counsel for Defendants*

</div>

61643497.1