UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:16-CV-00545-GNS

FELIPE CRUZ PEREZ and
MARLIN PALMA, on behalf of
themselves and others similarly situated                                    PLAINTIFFS


v.


EL TORAZO MEXICAN RESTAURANT, INC.;
and GUSTAVO ORTIZ                                                          DEFENDANTS


**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiffs' Motion for Conditional Certification (DN 26). The motion has been fully briefed and is ripe for decision. For the reasons stated below, the Court **GRANTS** the motion and **ADOPTS** Plaintiffs' proposed notice and consent forms with modifications.

## I.     BACKGROUND

This action is brought to recover unpaid compensation in the form of unpaid wages and overtime allegedly owed to Plaintiffs, who are former employees of Defendants, El Torazo Mexican Restaurant, Inc. ("El Torazo") and Gustavo Ortiz ("Ortiz") (collectively, "Defendants") pursuant to the Fair Labor Standards Act ("FLSA") and the Kentucky Wage and Hour Act ("KWHA"). (Second Am. Compl. ¶¶ 1-2, 55-78, DN 34). Plaintiffs claim they were forced to participate in a "tip pooling" agreement in which they were required to remit approximately 1.5% of all food and beverage sale orders to restaurant management. (Second Am. Compl. ¶¶ 37, 68).

The original plaintiff, Felipe Cruz Perez ("Perez"), filed the Complaint on August 24, 2016. (Compl., DN 1). Perez amended the Complaint on January 11, 2017. (Am. Compl., DN 18). On March 17, 2017, Perez moved for leave to amend the Complaint again to add Marlin Palma ("Palma") as a plaintiff and assert a collective action.[1] (Pl.'s Mot. Leave Am. Compl., DN 21). Plaintiffs filed the pending Motion for Conditional Certification, which is fully briefed and ripe for decision. (Pls.' Mot. Conditional Certification, DN 26 [hereinafter Pls.' Mot. Cond. Cert.]).

## II.    JURISDICTION

This action arises under the laws of the United States and the Court has jurisdiction pursuant to 28 U.S.C. § 1331 and has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

## III.    STANDARD OF REVIEW

Class actions under 29 U.S.C. § 216(b) require that: "(1) the plaintiffs must actually be similarly situated, and (2) all plaintiffs must signal in writing their affirmative consent to participate in the litigation." *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546-47 (6th Cir. 2006) (internal quotation marks omitted) (citation omitted). "Unlike class actions under Fed. R. Civ. P. 23, collective actions under FLSA require putative class members to opt into the class," and "[t]hese opt-in employees are party plaintiffs, unlike absent class members in a Rule 23 class action." *O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 583 (6th Cir. 2009) (citation omitted), *abrogated on other grounds by Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663 (2016). Therefore, the Court's task is to "first consider whether plaintiffs have shown that the employees to be notified" of the collective action "are, in fact, similarly situated." *Comer*, 454 F.3d at 546-

---

[1] By this Court's Order of June 27, 2017 (DN 33), Plaintiffs' Second Amended Complaint was permitted.

47 (6th Cir. 2006) (internal quotation marks omitted) (citation omitted). If the plaintiffs meet this burden, then "[t]he district court may use its discretion to authorize notification of similarly situated employees to allow them to opt into the lawsuit." *Id.* (citation omitted). Therefore, these similarly-situated employees must be notified of the lawsuit. *Id.*

"Courts have used a two-phase inquiry when determining whether employees are similarly situated." *Hathaway v. Shawn Jones Masonry*, No. 5:11-CV-121, 2012 WL 1252569, at *2 (W.D. Ky. Apr. 13, 2012). "The first phase takes place at the beginning of discovery." *Id.* "Authorization of notice requires only a modest factual showing that the plaintiff's position is similar, not identical, to the positions held by the putative class members." *Id.* (internal quotation marks omitted) (citing *Comer*, 454 F.3d at 546). "At this stage, courts generally consider the pleadings and any affidavits which have been submitted." *Id.* (citation omitted). The initial certification is "conditional and by no means final." *Comer*, 454 F.3d at 546 (citation omitted). "If the court conditionally certifies the class, the putative class members are given notice and the opportunity to opt in." *Hathaway*, 2012 WL 125259, at *2 (citation omitted).[2]

## IV.   DISCUSSION

Since Plaintiffs bring their Motion for Conditional Certification within the "first phase" of class certification, the Court considers whether the proposed class consists of similarly situated Plaintiffs under the "fairly lenient" standard set forth by the Sixth Circuit. *Comer*, 454

---

[2] The second phase occurs when "all of the opt-in forms have been received and discovery has concluded." *Comer*, 454 F.3d at 546 (internal quotation marks omitted) (citation omitted). "At this stage, the Court has much more information on which to base its decision." *Hathaway*, 2012 WL 1252569, at *2 (citation omitted). "For this reason, the Court must employ a stricter standard and examine more closely the question of whether the members of the class are in fact similarly situated." *Id.* (citing *Comer*, 454 F.3d at 547). "If the court determines that the claimants are similarly situated, the collective action proceeds to trial." *Id.* (citation omitted). "If the court determines that the claimants are not similarly situated, the court must decertify the class and dismiss the opt-in plaintiffs without prejudice." *Id.* (citation omitted).

F.3d at 547 (citation omitted).  The Court must then determine that the proposed notice is "timely, accurate, and informative" as to properly notify the proposed class.  *Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165, 166 (1989).  The Court will consider each step in turn.

A.        **Class Certification of "Similarly Situated" Employees**

Plaintiffs seek to certify a class of "servers, waiters, waitresses, and other tipped employees" (hereinafter "Tipped Employees") employed by Defendants from August 24, 2013 on.  (Pls.' Mem. Supp. Mot. Conditional Certification 5-6, DN 26 [hereinafter Pls.' Mem.]).  Plaintiffs contend that the class is similarly situated under Section 216(b) because:  (1) the same type of invalid policy of "tip pooling" applied to similar types of Tipped Employees, (2) the Tipped Employees were paid the same rate for all hours of work, whether tip-producing or not, (3) the Tipped Employees were not informed of the application of a tip credit by Defendants, (4) the Tipped Employees were not paid the minimum wage, and  (5) the Tipped Employees were not adequately compensated for overtime work.  (Pls.' Mem. 17-18).  Employees in the proposed class all engaged in the service industry, performed duties to accomplish serving food and drink to customers, and experienced similar policies and alleged underpayments working for Defendants.  (Perez Decl. 1-3, DN 26-1; Palma Decl. 1-3, DN 26-2; Perez Second Decl. 1-3, DN 39-1; Palma Second Decl. 1-3, DN 39-2; Pls.' Reply Supp. Mot. Conditional Certification 5-6, DN 39).

Defendants argue that Plaintiffs' declarations are speculative, self-serving, and reliant on inadmissible hearsay, and are therefore not sufficient to establish a class of similarly situated plaintiffs.  (Defs.' Resp. Pls.' Mot. Conditional Certification 5-11, DN 38 [hereinafter Defs.'

Resp.]).[3]  Defendants further allege that the proposed class is overbroad, as it includes potential plaintiffs who, unlike Plaintiffs, were not servers and worked in both locations of the restaurant. (Defs.' Resp. 12).  Defendants finally argue that Plaintiffs' affidavits fail to identify how they are similarly situated to other potential class members, and that Plaintiffs have failed to obtain any affidavits from non-server employees who have not received minimum and/or overtime wages. (Defs.' Resp. 12).

This Court has found similar declarations relating to observations of FLSA violations in the workplace as sufficient evidence to find a similarly situated class of plaintiffs in the first phase of certification.  *See Hathaway*, 2012 WL 1252569, at *3-4.  These declarations are sufficient to meet the modest showing needed to find a similarly situated class.  *Id.* (certifying a class based on affidavits of laborers describing workplace travel); *Comer*, 454 F.3d at 546-47. As to Defendants' argument of overbreadth, this Court has previously certified a class under situations where a uniform corporate policy applied to similar, but not identical, types of employees.  *Bassett v. Tenn. Valley Auth.*, No. 5:09-CV-00039, 2013 WL 665068, at *2-9 (W.D. Ky. Feb. 22, 2013) (certifying a class that consisted of many different types of employees including laborers, foremen, managers, and equipment operators with varying duties).  Further, such a varied group of employees can still constitute a class even under the stricter standard of the "second phase" of class certification.  *See id.* (various types of employees in the construction process similarly situated in the later stage of the certification process).  Thus, a class may be certified regardless of the differing categories of employees in the proposed class.

---

[3]  Plaintiffs filed additional declarations with their reply, providing further details of their personal knowledge of Defendants' practices, including, *inter alia*, seeing pay stubs of fellow employees.  (Perez Second Decl. 2-3; Palma Second Decl. 2).

At a minimum, Plaintiffs have offered a modest showing sufficient to meet their burden under the fairly lenient standard to establish a similarly situated class. *Comer*, 454 F.3d at 546. The Court finds such similarity within the Tipped Employees to conditionally certify the class.

### B.      Adequacy of the Proposed Notice

After the class is conditionally certified, the Court must determine if the proposed notice is fair and accurate to properly inform prospective plaintiffs of the action. *Sperling*, 493 U.S. at 169. A class action depends "on employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." *Id.* "[A] district court has discretion to facilitate notice to potential plaintiffs." *Bassett*, 2010 WL 3092251, at *2-3 (citation omitted). If the proposed notice fails to properly inform its recipients of the action, the Court may, in its discretion, alter the notice. *Sperling*, 493 U.S. at 169; *Bassett*, 2010 WL 3092251, at *2-3.

Defendants have not objected to Plaintiffs' proposed notice or consent forms as offered. (Pls.' Mot. Cond. Cert. Ex. E, DN 26-5; Pls.' Mot. Cond. Cert. Ex. E-1, DN 26-7; Pls.' Mot. Cond. Cert. Ex. G, DN 26-8). The Court finds that the proposed notice form is largely adequate, but will modify it to reflect that the state law claims being pursued arise under the law of Kentucky rather than Ohio. The modified notice, as attached, should be provided in both English and Spanish, as proposed.

### V.      CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Conditional Class Certification (DN 26, 27) is **GRANTED**. The Court **ADOPTS** the proposed notice form with modifications, and **ADOPTS** the proposed consent form. A sample of the approved notice form is attached to this Memorandum Opinion and Order. Defendants have 60 days to provide Plaintiffs with the

requested listing of potential class members; Plaintiffs will then have 45 days to give notice to

potential class members and provide the Court with the consent forms of those wishing to join

the lawsuit.

**Greg N. Stivers, Judge**
**United States District Court**
December 11, 2017

cc:    counsel of record

*December \_\_, 2017*

**NOTICE OF COLLECTIVE ACTION LAWSUIT**
*Perez v. El Torazo Mexican Restaurant, Inc., No. 3:16-CV-00545*

TO: Putative Class Member

RE: El Torazo lawsuit

**PLEASE READ THIS NOTICE CAREFULLY**

## I.      INTRODUCTION

This Notice informs you of the existence of a collective action lawsuit seeking unpaid minimum and overtime wages under federal law.  This Notice advises you of how your rights may be affected by this lawsuit and describes how to participate in the lawsuit by joining as a party if you choose to.

## II.      DESCRIPTION OF THE LAWSUIT

Plaintiffs Felipe Cruz Perez and Marlin Palma, on behalf of themselves and all others similarly situated, seek to recover minimum wages owed to them pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b) and the Kentucky Revised Statutes, Sections 337.275, 337.065, 337.320, 337.020, and 337.990(1), (5), and (7).  Plaintiffs allege that Defendants El Torazo Restaurant, Inc. and Gustavo Ortiz have violated 29 U.S.C. § 206(a) of the FLSA, which requires all employers to pay the federally established minimum wage.  Plaintiffs also allege that Defendants have violated 29 U.S.C. § 203(m) of the FLSA, which only allows employers to pay less than the minimum wage to employees who receive tips when certain conditions are met. Plaintiffs also allege that Defendants have similarly violated Section 207 of the FLSA by failing to pay Plaintiffs and the Putative Class members overtime wages equal to one-and-a-half (1.5) times their regular wage for all hours they worked in excess of forty (40) in a given workweek. Defendants state that they complied with all required conditions and further deny that they violated the FLSA.

Plaintiffs seek to certify one primary class of employees ("FLSA Class"). The FLSA Class is defined as:

> *All individuals employed by Defendants or their predecessors or successors in the state of Kentucky as servers, waiters, waitresses, and other tipped employees in other similar job positions at any time from August 24, 2013, through and including the present and until the final resolution of the case, and who have not been paid the statutory minimum and/or overtime wage during their employment.*

The Federal Court has not yet decided who will win, and has not taken any position on the merits of the claims.  The Federal Court also expresses no opinion as to whether you or anyone else should join the lawsuit.

8

### III.      ELIGIBILITY TO JOIN THE LAWSUIT

If you are receiving this notice, Defendants' records indicate that you were or are employed by Defendants as a tipped employee and it is possible that you are eligible to join this lawsuit. However, the Court will make the final determination of your eligibility.

### IV.      HOW TO JOIN THE LAWSUIT

You may join the lawsuit by completing the enclosed "Consent to Join" form and returning it in the enclosed envelope to the Plaintiffs' lawyers at the following address:

**Barkan Meizlish Handelman Goodin DeRose Wentz, LLP**
250 E. Broad Street, 10th Floor
Columbus, Ohio 43215
Telephone: (614) 221-4221
Fax: (614) 744-2300

Your return envelope must be postmarked by **[date – 45 days]**.  You can also join this lawsuit by emailing your completed "Consent to Join" form to srasoletti@barkanmeizlish.com or faxing it to 614-744-2300 by **[date]**.

If you do not wish to be a party to this lawsuit, you need not do anything.  The decision whether to join or not is entirely yours.

### V.      EFFECT OF JOINING THE LAWSUIT

If you join the lawsuit, you will become a plaintiff in this lawsuit.  You will be bound by the judgment of the Federal Court on all issues.  If the Federal Court finds in favor of Plaintiffs or if the parties reach a settlement that the Federal Court approves, you may receive a money payment.  If the Federal Court finds in favor of Defendants, you will receive nothing.

You should also understand that, as a party to this lawsuit, you may be required to provide information about your employment with Defendants, answer written questions, produce documents, testify at an oral deposition under oath, and/or testify at trial.

### VI.      EFFECT OF NOT JOINING THE LAWSUIT

If you do not join the lawsuit, you will not be affected by any judgment or settlement resulting from the lawsuit and relating to Plaintiffs' federal minimum wage and overtime rights claims. This means that you give up the possibility of getting money or benefits that may come from a trial or settlement in this lawsuit if the claims made on behalf of the collective are successful.  By not joining the lawsuit, you keep any rights to file your own suit against Defendants about the same legal claims in this lawsuit; however, the limitations period on your legal claims will continue to run until you do.

## VII.    NO RETALIATION PERMITTED

Federal law prohibits Defendants from discharging or in any other manner retaliating against any employee because that employee joins this lawsuit.

## VIII.    YOUR LEGAL REPRESENTATION IF YOU JOIN THE LAWSUIT

If you join the lawsuit, you will be represented by Barkan Meizlish Handelman Goodin DeRose Wentz, LLP (250 E. Broad Street, 10th Floor, Columbus, OH 43215; (614) 221-4221 or (800) 274-5297; www.barkanmeizlish.com).  You have the option to retain an attorney of your own choice and file a separate cause of action.  You will not be required to pay any fees to the law firm listed above.  Barkan Meizlish Handelman Goodin DeRose Wentz, LLP has taken this case on a "contingency" basis.  If the lawsuit is unsuccessful, Barkan Meizlish Handelman Goodin DeRose Wentz, LLP will receive nothing.  If the lawsuit results in a recovery, Barkan Meizlish Handelman Goodin DeRose Wentz, LLP will ask the Federal Court to award legal fees separate and apart from your recovery.

## IX.    FURTHER INFORMATION

If you would like further information about this Notice or the lawsuit, or if you have any questions, please call Barkan Meizlish Handelman Goodin DeRose Wentz, LLP at 800-274-5297.


**THIS NOTICE HAS BEEN AUTHORIZED BY UNITED STATES DISTRICT JUDGE GREG N. STIVERS.  THE JUDGE HAS TAKEN NO POSITION REGARDING THE LAWSUIT'S MERITS.  PLEASE DO NOT CONTACT THE COURT REGARDING THIS NOTICE OR THE LAWSUIT.**