UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
*Electronically Filed*

| | |
|---|---|
| FELIPE CRUZ PEREZ, et al ) | |
| ) | |
| Plaintiffs ) | |
| ) | |
| vs. ) | Civil Action No.:  3:16-cv-545-GNS-CHL |
| ) | Judge Clara H. Boom |
| EL TORAZO MEXICAN ) | |
| RESTAURANT INC., et al. ) | |
| ) | |
| Defendants ) | |

**JOINT MOTION TO APPROVE SETTLEMENT**

Now come Plaintiffs, Juan Felipe Cruz Perez and Marlin Palma, and Defendants, El Torazo Mexican Restaurant, Inc., and Gustavo Ortiz, and by and through their respective undersigned counsel, and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), moves this Court for an Order approving settlement of the parties as memorialized in the Settlement Agreement and Release (the "Agreement"). The Agreement as to Plaintiffs is attached hereto as **Exhibit A**.

As grounds for this Joint Motion, the Parties state:

1. This action asserts wage-and-hour claims under the FLSA, 29 U.S.C. §§ 201, *et seq*.[1]

2. The Parties have engaged in approximately two months of significant arms-length settlement negotiations, including court aided mediation.

3. The Agreement sets forth, among other terms, identity of Plaintiffs and the amount to be paid to them by the Defendants. Under the Agreement the Parties have agreed to

---

[1] Plaintiffs also asserted claims under the Kentucky Wage and Hour Act, KRS 337, *et seq.*.

1

dismissal of this action with prejudice upon approval of this Motion by the Court and the Parties' full performance of their obligations set forth in the Agreement.

4. FLSA settlement agreements generally require approval by a Court or the U.S. Department of Labor. *See, e.g.,* 29 U.S.C. § 216; *Gentrup v. Renovo Servs., LLC*, No. 1:07-cv-430, 2011 WL 2532922, at *2 (S.D. Ohio June 24, 2011) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352–53 (11th Cir.1982)).

5. Courts approve FLSA settlement agreements where the overall terms of the settlement are fair and reasonable. *See Int'l Union, United Auto, Aerospace, and Agr. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007) ("Before approving a settlement, a district court must conclude that it is fair, reasonable, and adequate."). To determine the fairness of a settlement under the FLSA, Courts consider whether the agreement reflects a reasonable compromise of disputed issues. *See Dillworth v. Case Farms Processing, Inc*, No. 5:08-CV-1694, 2010 WL 776933, at *5 (N.D. Ohio Mar. 8, 2010) ("the court must determine whether such a question, or bona fide dispute, exists." (citations omitted); *Crawford v. Lexington-Fayette Urban County Gov't*, Civil Action No. 06-299-JBC, 2008 WL 4724499, *2 (E.D. Ky. Oct. 23, 2008). Normally, a settlement is approved where it is the result of contentious arm's-length negotiations that were undertaken in good faith by counsel, and serious questions exist such that the value of an immediate recovery outweighs the possibility of further relief after protracted and expensive litigation. *See Kritzer v. Safelite Sols., LLC*, No. 2:10-CV-0729, 2012 WL 1945144, at *6 (S.D. Ohio May 30, 2012) (citing *Bronson v. Board of Educ.*, 604 F.Supp. 68, 73 (S.D. Ohio 1984)).

6. The Parties respectfully request the Court to approve the settlement as memorialized in the Agreement because it is fair and reasonable. Though this litigation is

resolving at a relatively early stage, significant discovery has taken place. For example, Defendants have produced and Plaintiffs have analyzed many documents. Furthermore, settlement negotiations began in earnest around October 2018 and finally concluded in November 14, 2018 during a settlement conference with Magistrate Judge Colin Lindsay that resulted in the attached Agreement the Parties now seek to have approved by this Court.

7. The settlement reflects a reasonable compromise of the disputed issues and evaluations by both sides of the likelihood of success on the claims and defenses, and the costs, uncertainties, and inconveniences of trial and appeal. Moreover, the settlement was reached in an adversarial context in which both parties were represented by competent and experienced wage and hour counsel. The Parties, therefore, submit that the totality of the proposed settlement as contained in the Agreement is fair and reasonable.

8. The Agreement provides for the payment of Plaintiffs' attorneys' fees and expenses. The federal courts have long recognized the profound importance of plaintiffs' right to recover attorneys' fees under the FLSA. *See, e.g., Shelton v. Ervin*, 830 F.2d 182, 184 (11th Cir.1987) (FLSA's fee recovery provision, 29 U.S.C. § 216(b) is an "integral part of the merits of FLSA cases and part of the relief sought therein"). There is no specific numeric relationship required between the amount of economic losses recovered and the amount of fees recoverable. *See, e.g., Fegley v. Higgins,* 19 F.3d 1126, 1134-35 (6th Cir. 1994) (FLSA fee award "encourages the vindication of congressionally identified policies and rights").

9. The FLSA has a fee-shifting provision that provides that the prevailing party shall recover reasonable attorneys' fees and litigation costs. 29 U.S.C. § 216(b). Indeed, "[a]n award of attorneys' fees under the FLSA is ***mandatory***, with the amount of fees within the discretion of the court." *Cruz v. Vel-A-Da, Inc*. Case No. 3:90CV7087, 1993 WL 659253, *3 (N.D. Ohio May

3

14, 1993) (*citing United Slate, Tile & Composition v. G & M Roofing,* 732 F.2d 495, 501 (6th Cir.1984)) (emphasis added). The standard for reviewing a request for attorney's fees is reasonableness. *See Enterprise Energy Corp. v. Columbia Gas Transmission Corp.*, 137 F.R.D. 240, 249 (S.D. Ohio 1991). Congress has determined that it is important for FLSA rights to be enforced, and that reasonable attorney fees must be awarded to provide for such enforcement, particularly where the victims of FLSA violations are often low-wage workers whose per-person damages may not be significant. *See, e.g., Fegley,* 19 F.3d at 1134-43. Thus, it is not uncommon for fee awards to exceed the amount recovered by plaintiffs in lost wages. *See City of Riverside v. Rivera,* 477 U.S. 561, 574, 578 (1986) (no rule of proportionality in cases awarding fees under § 1988, in order to ensure lawyers are available to represent persons with legitimate claims). This principle has been applied in many cases in the FLSA context. *See, e.g., Fox v. Tyson Foods, Inc.*, No. 4:99-CV-1612-VEH, Doc. 819 (N.D. Ala. Feb. 17, 2009) (in an FLSA case in which three individual donning and doffing claims were tried, the plaintiffs collectively recovered $4,937.20 in wages but were awarded $765,618.10 in attorneys' fees based the attorney's lodestar hourly rates); *Hodgson v. Miller Brewing Co.,* 457 F.2d 221, 228-29 (7th Cir. 1972); *Perdomo v. Sears, Rosebuck & Co.,* No. 97-2822-CIV-T-17A, 1999 WL 1427752, *10 (M.D. Fla. Dec. 3, 1999); *Wales v. Jack M. Berry, Inc.,* 192 F.Supp.2d 1313, 1327 (M.D. Fla. 2001); *Heder v. City of Two Rivers,* 255 F.Supp.2d 947, 955 (E.D. Wis. 2003); *Perrin v. John B. Webb & Assocs.,Inc.,* No. 604CV399ORLKRS, 2005 WL 2465022, *4 (M.D. Fla. Oct. 6, 2005) ("in order for plaintiffs with minimal claims to obtain counsel, those counsel must be able to recover a reasonable fee for their time").[2]

---

[2] *See also Howe v. Hoffman-Curtis Partners Ltd.* 215 Fed. Appx. 341, 342 (5th Cir. Jan. 30, 2007) ("Given the nature of claims under the FLSA, it is not uncommon that attorney fee requests can exceed the amount of judgment in the case by many multiples."); *Fegley v. Higgins*, 19 F.3d 1126, 1134-35 (6th Cir. 1994) (upholding award of

10.     Pursuant to the terms of the Agreement, Defendants have agreed to not oppose Plaintiffs' Counsels' Motion for Court approval of fees and expenses of **$25,000.00** incurred in this action.

11.     As of the date of settlement, November 14, 2018, Plaintiffs' Counsel had expended approximately 135.52 hours or work and $35,840.00 in attorneys' fees. Managing Partner Robert DeRose expended 3.6 hours of work at a rate of $450/hour; Associate Attorney Molly Tefend expended 0.5 hours at a rate of $200/hour; Associate Attorney Jessica Doogan expended 25.4 hours of work at a rate of $250/hour; and Associate Attorney Trent Taylor expended 95.5 hours of work at a rate of $275.00/hour. The attorneys' fees of $25,000.00 after the reduction for costs equates to an average hourly rate of approximately $136.10 which is substantially lower than the billing rates approved in other FLSA settlements. *See Sakalas v. Wilkes-Barre Hospital Co.*, 2014 U.S. Dist. LEXIS 63823, *19 (M.D. Pa. May 8, 2014) (utilizing an "aggregate lodestar hourly billing rate of $500.56"); *Lenahan v. Sears, Roebuck & Co.,* 2006 U.S. Dist. LEXIS 60307, *65-66 (D.N.J. July 24, 2006) (utilizing "mixed" hourly attorney rate of $353.63); *West v. Border Foods, Inc*., 2007 U.S. Dist. LEXIS 43423, *6-7 (D. Minn. June 8, 2007) (utilizing in four-worker FLSA case attorney rates ranging from $550-$275 and a non-attorney rate of $125). In addition, the paralegals for Plaintiffs' counsel expended 1.5 hours of

---

$40,000 in fees even though Plaintiff recovered only $7,680 in damages); *Cox v. Brookshire Grocery Co.,* 919 F.2d 354, 358 (5th Cir. 1990) (upholding award of $9,250 in attorney's fees even though Plaintiff recovered only $1,698.00); *Bonnette v. Cal. Health & Welfare Agency*, 704 F.2d 1465, 1473 (9th Cir. 1983) (affirming award of $100,000 in attorney's fees for a recovery of $20,000); *Albers v. Tri-State Implement, Inc.,* 2010 U.S. Dist. LEXIS 23450, *66-86 (D.S.D. Mar. 12, 2010) (awarding $43,797 in fees even though plaintiffs' combined damages totaled only $2,137.97); *King v. My Online Neighborhood, Inc.,* 2007 U.S. Dist. LEXIS 16135 (M.D. Fla. March 7, 2007) (approving a settlement for $4,500 in unpaid wages and $10,500 in attorney's fees); *Heder v. City of Two Rivers*, 255 F. Supp. 2d 947, 955-56 (E.D. Wis. 2003) (awarding $36,204.88 in fees even though plaintiff's damages totaled only $3,540.00); *Griffin v. Leaseway Deliveries, Inc.,* 1992 U.S. Dist. LEXIS 20203 (E.D. Pa. Dec. 31, 1992) (awarding attorney's fees of $33,631.00 for a plaintiff's award of $17,467.20); *Holyfield v. F.P. Quinn & Co.*, 1991 U.S. Dist. LEXIS 5293, *1 (N.D. Ill. Apr. 22, 1991) (awarding $6,922.25 in attorney's fees for a judgment in the amount of $921.50).

work at a rate of $105/hour and law clerks employed by Plaintiffs' counsel expended 9 nous of work at a rate of $150/hour. In addition, Plaintiffs' counsel incurred approximately $1,794.79 in expenses.

WHEREFORE, for the foregoing reasons, the Parties respectfully request the Court to approve the settlement as memorialized in the Agreement, to dismiss the Action with prejudice and to retain jurisdiction over performance of the Agreement.

Date: May 14, 2019                                                  Respectfully submitted,

Having seen and agreed to:

| | |
|---|---|
| */s/ Trent R. Taylor(with permission)* | /s/ *R. Joseph Stennis, Jr.* |
| Trent R. Taylor | R. Joseph Stennis, Jr. |
| Jessica R. Doogan | **WYATT TARRANT AND COMBS, LLP** |
| Robert E. DeRose | 500 West Jefferson Street, Suite 2800 |
| **BARKAN, MEIZLISH, DEROSE, WENTZ,** | Louisville, Kentucky 40202 |
| **MCINERNEY PEIFER LLP** | (502) 562-7333 |
| 250 East Broad Street, 10th Floor | jstennis@wyattfirm.com |
| Columbus, Ohio 43215 | *Counsel for Defendants* |
| (614) 221-4221 | |
| ttaylor@barkanmeizlish.com | |
| jdoogan@barkanmeizlish.com | |
| bderose@barkanmeizlish.com | |
| *Counsel for Plaintiffs* | |

6

## CERTIFICATE OF SERVICE

This is to certify that on May 14, 2019, a copy of the foregoing *Joint Motion to Approve Settlement* was filed electronically. Notice of this filing will be sent to the parties by operation of the Court's CM/ECF system. Parties may access this filing through the Court's system.

*/s/ R. Joseph Stennis, Jr.*
R. Joseph Stennis, Jr.

*Attorney for Defendants*

61837901.1