UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

FELIPE CRUZ PEREZ, et al.,                  )
                                            )
          Plaintiffs,                       )          Civil Action No. 3:16-CV-545-CHB
                                            )
v.                                          )
                                            )     **ORDER GRANTING JOINT MOTION**
EL TORAZO MEXICAN                           )        **TO APPROVE SETTLEMENT**
RESTAURANT INC., et al.,                    )
                                            )
          Defendants.                       )
                                    ***   ***   ***   ***

        This matter is before the Court on the parties' Joint Motion to Approve Settlement ("Joint

Motion") [R. 76].  For the reasons discussed below, the Court finds that the Settlement

Agreement and Release ("Agreement") resolves a bona fide dispute and is fair and reasonable.

Therefore, the Court will grant the parties' Joint Motion.

**I.      Background**

        Defendants El Torazo Mexican Restaurant, Inc. and Gustavo Ortiz employed Plaintiffs

Felipe Cruz Perez ("Perez") and Marlin Palma ("Palma") as restaurant servers. [R. 34 ¶ 28, 32]

Plaintiffs allege that Defendants violated the Fair Labor Standards Act ("FLSA") by failing to

pay minimum and overtime wages. *Id.* at ¶ 39–44.  Specifically, Plaintiffs claim that they were

forced to participate in a "tip pooling" agreement in which they were required to remit

approximately 1.5% of all food and beverage sale orders to restaurant management. *Id.* at ¶¶ 37,

68.  Plaintiffs sought damages resulting from lost minimum wages and improperly deducted

monies, restitution, liquidated damages, prejudgment interest, monetary penalties, litigation

expenses, and attorneys' fees. *Id.* at ¶¶ 78 *et seq.*  Although Plaintiffs brought this lawsuit as a

collective action, no other employees opted to join the suit. [R. 72]  As such, the Agreement covers only the Plaintiffs named in the Second Amended Complaint: Perez and Palma. [R. 34]

After nearly three years litigating this case, the parties successfully negotiated a settlement and have attached a copy of the Agreement to their Joint Motion. [R. 76-1]  The Agreement disposes of all claims and describes the various payments Defendants will make to Plaintiffs and Plaintiffs' counsel. *Id.*  The Agreement provides that the Plaintiffs will receive a sum of $35,000.00, and Plaintiffs' counsel will receive $25,000.00 for fees and expenses. *Id.* The parties now seek court approval of the Agreement. *Id.*

## II.    Standard

This case is a collective action brought pursuant to Section 16(b) of the FLSA. [R. 34 ¶ 9] Analogous to a class action suit brought under Federal Rule of Civil Procedure 23, it cannot be settled without court approval. *Crawford v. Lexington-Fayette Urban Cty. Gov't*, No. 06-CV-299-JBC, 2008 WL 4723399, at *2 (E.D. Ky. Oct. 23, 2008).  The Court's role in approving such a settlement "derives from the special character of the substantive labor rights involved." *Id.* (quoting *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 717 (E.D. La. 2008)).

The purpose of the FLSA is to protect all covered workers from the inequities in the workplace that result from the differences in bargaining power between employers and employees. *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 739 (1981).  To that end, the FLSA guarantees employees certain rights, such as minimum wage and overtime pay. 29 U.S.C. § 207; *Keller v. Miri Microsys. LLC*, 781 F.3d 799, 806 (6th Cir. 2015).  Because the FLSA creates a statutory guarantee, "employers and employees may not, in general, make agreements to pay and receive less pay than the statute provides for.  Such agreements are

against public policy and unenforceable." *Crawford*, 2008 WL 4723399, at *2 (quoting *Martin v. Indiana Michigan Power Co.*, 292 F. Supp. 2d 947, 959 (W.D. Mich. 2002)).  In other words, the FLSA's provisions are generally not subject to bargaining, waiver, or modification by settlement. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 709 (1945).

There are two exceptions to this general rule: (1) the Department of Labor may supervise settlement agreements, or (2) a federal district court may approve a settlement of a Section 16(b) FLSA action. *Crawford*, 2008 WL 4723399, at *3 (citing *Lynn's Food Stores v. United States*, 679 F.2d 1350, 1352–53 (11th Cir. 1982)).  The latter exception applies here.

In approving such a settlement, the Court must determine whether the agreement (1) resolves a bona fide dispute over FLSA provisions and (2) is fair and reasonable. *Ross v. Jack Rabbit Servs. LLC*, No. 3:14-CV-044-DJH, 2016 WL 7320890, at *2 (W.D. Ky. Dec. 15, 2016) (citing *Crawford*, 2008 WL 4723399, at *3).  If, for example, it is clear that the plaintiffs are statutorily entitled to the compensation they seek, then settlement would allow the employer to negotiate around the FLSA's mandatory requirements. *Ross*, 2016 WL 7320890, at *2.  Thus, to ensure that employees have not relinquished their statutory rights to compensation, the court must first determine whether a bona fide dispute over FLSA provisions exists. *Id.*

The court must also decide whether the settlement is fair and reasonable. *Int'l Union, United Auto., Aerospace, and Agr. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007) (internal citations omitted).  The Sixth Circuit has identified seven factors that aid a court in this inquiry:

> (1) the risk of fraud or collusion, (2) the complexity, expense, and likely duration of the litigation, (3) the amount of discovery engaged in by the parties, (4) the likelihood of Plaintiffs' success on the merits, (5) the opinion of class counsel and class representatives, (6) the reaction of absent class members, and (7) the public interest in settlement.

*Id.* "The Court may choose to consider only those factors that are relevant to the settlement at hand and may weigh particular factors according to the demands of the case." *Ross*, 2016 WL 7320890, at *2 (quoting *Crawford*, 2008 WL 4723399, at *3).

## III.  Discussion

### A.   Bona Fide Dispute

The dispute in this action arises from Section 203(m) of the FLSA.  Plaintiffs claim that they were forced to participate in a "tip pooling" agreement in violation of this section. [R. 34 ¶¶ 37, 68]  Plaintiffs explain that they were required to remit approximately 1.5% of all food and beverage sale orders to restaurant management. *Id.*  The Sixth Circuit has held that "[s]ection 203(m) allows for employers to take a tip credit toward the minimum wage owed an employee only if the employee 'has been informed by the employer of the provisions of this subsection.'" *Kilgore v. Outback Steakhouses of Florida, Inc.*, 160 F.3d 294, 298 (6th Cir. 1998) (quoting 29 U.S.C. § 203(m)).  The required notice involves two inquiries: "what information must the employer pass along to the employee and how may the employer convey that information." *Id.* Plaintiffs allege that Defendants failed to comply with these basic requirements and therefore were not entitled to apply a tip credit toward Plaintiffs. [R. 34 ¶ 60]  The Court finds that a genuine dispute exists as to the notice Plaintiffs received, as well as the adequacy of the notice. Thus, the Court is satisfied that there is a "bona fide dispute" that justifies settlement of Plaintiffs' claims.

### B.   Factors

The Court now turns to the issue of whether the Agreement is fair and reasonable.

### 1.      Risk of Fraud or Collusion

"In the absence of evidence to the contrary, the court may presume that no fraud occurred and that there was no collusion between counsel." *Ross*, 2016 WL 7320890, at *3 (quoting *Crawford*, 2008 WL 4724499, at *6).  The Plaintiffs filed this action over three years ago. *See* [R. 1]  Since then, the parties have engaged in extensive investigation, discovery, and good faith settlement negotiations before Magistrate Judge Colin Lindsay. [R. 68; R. 76]  In addition, the parties reached settlement in an adversarial context in which competent and experienced wage and hour counsel represented all. [R. 76]  No evidence of fraud or collusion exists here. Therefore, the Court finds that the settlement agreement was the result of arm's length, good faith negotiations.

### 2.      Complexity, Expense, and Likely Duration of Litigation

"[T]he Court must also weigh the risks, expense and delay Plaintiffs would face if they continued to prosecute the litigation through trial and appeal." *In re Sketchers Toning Shoe Prods. Liab. Litig.*, No. 3:11-MD-2308-TBR, 2013 WL 2010702, at *5 (W.D. Ky. May 13, 2013).  This matter has already been pending for three years, and in the absence of a resolution, it is likely that this litigation will continue for some time.  Recognizing the time and costs associated with further litigation, the parties engaged in approximately two months of significant arms-length settlement negotiations to resolve the complex issues involved in this matter. [R. 76] The Court finds that this factor weighs in favor of finding the settlement fair and reasonable.

### 3.      Amount of Discovery Engaged in by the Parties

In the Joint Motion, the parties explain that they engaged in arms-length negotiation only after extensive investigation and discovery. *Id.*  This substantial discovery conducted prior to settlement weighs in favor of finding the settlement fair and reasonable.

4.    **Likelihood of Plaintiffs' Success on the Merits**

The Court must "weigh[ ] the plaintiff[s'] likelihood of success on the merits against the amount and form of the relief offered in the settlement." *In re Sketchers Toning Shoe Prods. Liab. Litig.*, 2013 WL 2010702, at *6 (quoting *Int'l Union*, 497 F.3d at 631).  Given the factual and legal complexity of the case, there is no guarantee that Plaintiffs would prevail at trial.  The parties' Agreement therefore reflects a reasonable compromise of the disputed issues and evaluations by both sides of the likelihood of success on the claims and defenses.  The Agreement assures that Plaintiffs will receive substantial compensation for time spent in the disputed activities.  This factor favors finding the settlement fair and reasonable.

5.    **Opinion of Class Counsel and Class Representatives**

"In deciding whether a proposed settlement warrants approval, the informed and reasoned judgment of plaintiffs' counsel and their weighing of the relative risks and benefits of protracted litigation are entitled to great deference." *In re Sketchers Toning Shoe Prods. Liab. Litig.*, 2013 WL 2010702, at *6.  In their Joint Motion, the counsel "respectfully request the Court to approve the settlement . . . because it is fair and reasonable." [R. 76]  The parties report that they have weighed the risks and benefits of settlement as compared to continuing litigation. *Id.*  This factor weighs in favor of finding the settlement fair and reasonable.

6.    **Reaction of Absent Class Members**

This class is made up of two individuals, neither of whom is absent.  Furthermore, neither individual has objected to the settlement.  Thus, this factor weighs in favor of finding the settlement fair and reasonable.

### 7.     Public Interest in Settlement

"There is a strong public interest in encouraging settlement of complex litigation and class action suits because they are 'notoriously difficult and unpredictable' and settlement conserves judicial resources." *In re Sketchers Toning Shoe Prods. Liab. Litig.*, 2013 WL 2010702, at *7. "If the settlement reflects a reasonable compromise over issues actually disputed, such as FLSA coverage or computation of back wages, a court may approve a settlement to promote the policy of encouraging settlement of litigation." *Ross*, 2016 WL 7320890, at *4 (quoting *Crawford*, 2008 WL 4724499, at *9) (internal quotations omitted).  Given the uncertainty surrounding a possible trial in this matter, a ruling approving the Agreement promotes the public's interest in encouraging settlement of litigation.  Therefore, this factor favors finding the settlement fair and reasonable.

Because all six factors weigh in favor of finding the settlement agreement fair and reasonable, the Court will approve the settlement agreement.

### C.     Attorneys' Fees

The parties' Joint Motion also seeks approval of agreed-upon Plaintiffs' attorneys' fees and expenses. [R. 76]  "An award of attorney fees . . . under § 16(b) of the FLSA is mandatory, but the amount of the award is within the discretion of the judge." *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir. 1994) (citing *United Slate, Tile & Composition Roofers, Damp and Waterproof Workers Ass'n, Local 307 v. G & M Roofing and Sheet Metal Co.*, 732 F.2d 495, 501 (6th Cir. 1984)); 29 U.S.C. § 216(b).  An attorneys' fee award must be reasonable. *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999).  An award is reasonable if it is adequately compensatory to "attract competent counsel" yet which avoids "windfalls to attorneys." *Id.* (quoting *Blum v. Stenson*, 465 U.S. 886, 897 (1984)).

The Agreement provides for the payment of Plaintiffs' attorneys' fees and expenses in the amount of $25,000.00. [R. 76]  This amount, after the reduction for costs in the amount of $6,555.73, equates to an average hourly rate of approximately $136.10. *Id.*  The Joint Motion proposes that the award is reasonable because the award is "substantially lower than the billing rates approved in other FLSA settlements." *Id.*  As of the date of settlement, Plaintiffs' counsel had expended approximately 135.52 hours of work. *Id.*  Attorneys spent approximately 125 hours of work on this matter, and paralegals and law clerks expended the remainder of time. *Id.* Indeed, the sum Plaintiffs' counsel seeks in the Agreement is significantly less than their regular billing rates, which would have amounted to $35,840.00 in attorneys' fees. *Id.*  Furthermore, the Defendants do not oppose the calculation of attorneys' fees contained in the Agreement. *Id.*  For these reasons, the Court finds that the $25,000.00 attorneys' fee award is reasonable.

## IV.    Conclusion

Having considered the Joint Motion, and finding that the Agreement resolves a bona fide dispute and is fair and reasonable, the Court approves the Agreement, including the provision for attorneys' fees.  Accordingly, and the Court being otherwise sufficiently advised,

**IT IS HEREBY ORDERED** as follows:

1.        The parties' Joint Motion to Approve Settlement [**R. 76**] is **GRANTED**.

2.        This action is **DISMISSED** with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii) and is **STRICKEN** from the Court's active docket.

This the 1st day of November, 2019.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY